# IIN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| CORNELIUS JOHNSON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. CIV-15-1341-HE |
| TOMMY SCARANTINO, | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

Petitioner, a pro se federal inmate, challenges the Bureau of Prison's (BOP) calculation of his sentence under 28 U.S.C. § 2241. Doc. 1. United States Chief District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent filed a response, Doc. 10, and Petitioner replied, Doc. 11. The undersigned recommends the court deny Petitioner's petition.

**I. Background.**

Respondent provides the court with Correctional Programs Specialist Marcus Boudreaux's affidavit detailing Petitioner's numerous state and federal court charges and convictions, Doc. 10, Ex. 1, at 4-7, and Petitioner does not dispute its accuracy. *See* Doc. 11. To avoid confusion, the

undersigned relies on Mr. Boudreaux's affidavit to provide the relevant background.

Texas authorities arrested Petitioner in August 1993 and ultimately charged him with third-degree aggravated robbery with a deadly weapon in Case No. F-9364882 and evading arrest in Case No. MB9356416. Doc. 10, Ex. 1, at 4-5.[1] Concurrently, Texas officials began trying to revoke Petitioner's parole in Case no. F-9259998. *Id.* at 4. In October 1993, federal authorities indicted Petitioner for carjacking, using and carrying a firearm during a crime, and possessing a firearm as a convicted felon. *Id.* at 5. The federal court issued a writ of habeas corpus *ad prosequendum* and Texas authorities temporarily released Petitioner to federal custody in November 1993. *Id.* In December 1993, Texas officials dismissed Case No. F-9364882; however, in January 5, 1994, Petitioner was convicted in Case No. MB9356416. *Id.* at 6. Just a few days later, the state court revoked Petitioner's parole in Case No. F-9259998. *Id.* Later the same month, Texas officials charged Petitioner with three counts of third-degree forgery, in Case Nos. F-9440283, F-9440284, F-9440285. *Id.*

The United States District Court for the Northern District of Texas accepted Petitioner's plea agreement and sentenced him to a 235-month sentence for carjacking on February 4, 1994. *Id.* The federal district court's

---

[1]  All page citations refer to this Court's CM/ECF pagination.

judgment was silent as to whether his sentence would run consecutively or concurrently to any subsequent convictions. *Id.* Federal authorities then released Petitioner back to Texas' custody in March 1994, and he began serving his parole-revocation sentence in Case No. F-9259998. *Id.* at 6-7. On September 22, 1994, in Case Nos. F-9440283, F-9440284, F-9440285, the Texas state court sentenced Petitioner to a combined twenty-five year sentence. *Id.* at 6. That court ordered Petitioner's state sentence to be served concurrently with his federal sentence. *See id.*; Doc. 1, Ex. 1, at 3; *see also* Doc. 10, Ex. 1, at 86, 104. After Petitioner's parole revocation term expired in October 1998, he immediately began serving his twenty-five year sentence. Doc. 10, Ex. 1, at 7. The State of Texas credited Petitioner's temporary time in federal custody towards his state sentence. *Id.* at 7-8. Then, when officials granted Petitioner parole in Case Nos. F-9440283, F-9440284, F-9440285, the State of Texas relinquished Petitioner to federal custody to serve his federal sentence. *Id.* at 7.

Because the federal and state court sentences were imposed at different times, and the federal court was silent regarding whether the federal claim would be served concurrently or consecutively with any additional sentences, the BOP calculated Petitioner's federal sentence to run consecutively to his state sentence. *Id.*

## II. Petitioner's claims.

Even reading the petition liberally, it does not appear to the undersigned Petitioner challenges the BOP's initial determination the federal sentence runs consecutively. Instead, Petitioner believes his federal sentence began the day he was sentenced – February 4, 1994 – and argues the BOP abused its discretion in declining to grant him a *nunc pro tunc* "designat[ing] the State institution for service of the federal sentence." Doc. 1, at 2; Ex. 1, at 7. In his reply, Petitioner clarifies his belief he was "erroneous[ly] deliver[ed] by the sheriff to the state prison," and argues he "is entitled to credit on his federal sentence for the time he was held in county jail after the federal court's order of commitment[.]" Doc. 11, at 6.[2]

## III. Analysis.

### A. The date Petitioner began serving his federal sentence.

The undersigned finds Petitioner did not begin serving his federal sentence on February 4, 1994, nor did Texas officials erroneously transfer him to a state prison.

"[A] federal sentence commences 'on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence

---

[2] The undersigned does not interpret the petition as including this claim, and would ordinarily not address a claim raised for the first time in a reply brief. However, Respondent addressed the claim on the merits. Doc. 10, at 13-14.

4

service of sentence at, the official detention facility at which the sentence is to be served.' A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." *Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006) (citation omitted). Petitioner acknowledges he did not arrive at his federal institution until June 2012. Doc. 1, Ex. 1, at 4.

Additionally, the "'sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant.'" *Binford*, 436 F.3d at 1255 (citation omitted). That sovereign "determines whether to retain or surrender that custody." *Id.* So, because the State of Texas had custody of Petitioner first, the State of Texas decided whether to retain him until his state sentences were exhausted. As in *Binford*, Petitioner was in federal custody only pursuant to a writ of habeas corpus *ad prosequendum* and provides no evidence the State of Texas otherwise surrendered him to federal authorities. As a result, Petitioner's federal sentence did not begin "until he was finally received into federal custody for the purpose of serving his federal sentence, after completing his state sentence." *Id.* at 1256.

**B. Petitioner's request for credit for time served in a county jail after the federal court conviction.**

In his reply, Petitioner argues he is entitled to "credit on his federal sentence" for the time he spent in a county jail "after the federal court's order of commitment." Doc. 11, at 6. However, as noted above, the State of Texas credited Petitioner's temporary time in federal custody towards his state sentence. *See* Doc. 10, Ex. 1, at 7-8. So, Petitioner is not entitled to have the same time credited to his federal sentence. *See* 18 U.S.C § 3585(b) (stating a defendant shall be given credit for any time he has spent in official detention prior to the date the sentence commences "[t]hat has not been credited against another sentence"); *Heddings v. Garcia*, 491 F. App'x 896, 900 n.1 (10th Cir. 2012) (noting "Heddings 'does not challenge the government's assertion that the entire time from his arrest on September 12, 2005, until his federal sentence commenced on May 1, 2009, actually was credited to his Montana state sentence.' And rightly so, because 'Congress made clear in enacting § 3585(b) that a defendant could not receive a double credit for his detention time.'" (citation and internal brackets omitted)).

**C. The BOP's initial sentence calculation.**

Although Petitioner does not directly challenge the BOP's initial finding that his state and federal sentences run consecutively, the undersigned finds it worth noting the BOP's decision was correct. The

6

federal court – not the state court – dictates whether a federal sentence runs concurrently or consecutively with a state sentence. *See United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008). So, the state court's order running Petitioner's state sentence concurrently with his federal sentence was ineffectual. *See id.* ("Although Mr. Eccleston's state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence."); *see also Heddings*, 491 F. App'x at 900 ("[A] state court cannot dictate how or where a federal sentence will be served, nor can a state plea agreement control the federal government's prerogative as a separate sovereign to determine whether a sentence should run concurrently or consecutively."). Further, the federal district court's silence regarding whether Petitioner would serve his federal sentence concurrently or consecutively with other sentences, "triggered" "a statutory presumption." *Newman v. Cozza-Rhodes*, 526 F. App'x 818, 822 (10th Cir. 2013). Under this statutory presumption, "multiple sentences imposed at different times − even as between state and federal sentences − run consecutively." *Id.* (citation omitted); *see also* 18 U.S.C. § 3584(a). So, the undersigned finds the BOP correctly calculated Petitioner's federal sentence as running consecutively with his state sentence.

### D. The BOP's refusal to grant Petitioner a *nunc pro tunc* designation.

Despite § 3854(a)'s presumption discussed above, when a state court indicates its desire to have the federal and state sentences run concurrently, the BOP may allow an inmate to serve his federal sentence in a state prison, running the sentences concurrently. *See Eccleston*, 521 F.3d at 1252, n.1; *see also Harvey v. Mo. Dep't of Corr.*, 593 F. App'x 829, 830, n.3 (10th Cir. 2014) (discussing the relevant statutory authority); *Heddings*, 491 F. App'x at 899-90. The BOP reviews such requests under 18 U.S.C. § 3621(b) and exercises "the same discretion previously vested in the Attorney General" as to where an inmate will serve his sentence. *Harvey*, 593 F. App'x at 832.

Under § 3621(b), the BOP will consider:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence—

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

After he served his state sentence, Petitioner sought a "Nunc Pro Tunc" designation," asking the BOP to retroactively designate the Texas Department of Criminal Justice's prison as the institution in which Petitioner served his federal sentence. Doc. 1, Ex. 6, at 1-8. The BOP considered the request and asked Petitioner's federal sentencing judge for comment and clarification. Doc. 10, Ex. 1, at 104-05. Chief Judge Sidney A. Fitzwater replied:

> It was not my intention that the sentence I imposed run concurrently with state sentences for unrelated offenses. According to your letter, however, when [Petitioner] was sentenced by a court of the State of Texas on September 22, 1994, it was the intention of that court that his sentence be served concurrently with his federal sentence. Under these circumstances, I do not oppose the retroactive designation of the state institution for service of the sentenced I imposed in [Petitioner's] case.

*Id.* at 107.

The BOP ultimately declined Petitioner's request for retroactive designation. The BOP applied the § 3621(b) factors and found: (1) the federal and state charges were unrelated; (2) Petitioner had been convicted of "Burglary of a Habitation, Aggravated Robbery with a Deadly Weapon, Possession of Controlled Substance, Theft by Check" and had a BOP conviction for "Possessing Stolen Property"; and (3) the federal district judge stated "it was not my intention that the sentence I imposed run concurrently with state sentences for unrelated offenses . . . . I do not oppose the

9

retroactive designation of the state institution for service of the sentence I imposed in [Petitioner's] case." *Id.* at 109. Informing Petitioner, the BOP explained:

> On July 23, 2013, your request for a *nunc pro tunc* designation was denied. This decision took into consideration facts such as your federal conviction in which the victim was shot twice, that the state and federal charges were unrelated, and that you have an extensive history of rule infractions while housed in Texas Department of Criminal Justice custody.

Doc. 1, Ex. 6, at 5.

Petitioner does not challenge the BOP's reliance on his criminal history and propensity for rule infractions, factors § 3621(b) designates for consideration. Instead, Petitioner complains the BOP "ignored" the federal district court's statement he had no objection to the redesignation. *Id.* Ex. 1, at 10. But the BOP acknowledged and considered the federal court's statement. Doc. 10, Ex. 1, at 109. The BOP acted within its discretion to deny Petitioner's request, and Petitioner is not entitled to habeas relief. *See, e.g., Still v. Herndon*, 496 F. App'x 860, 865-66 (10th Cir. 2012) (holding the BOP "exercised the discretion afforded to it under § 3621(b)" and petitioner's disagreement with the BOP's refusal to grant a *nunc pro tunc* designation "does not give rise to any basis upon which the district court could grant him federal habeas relief"); *Heddings*, 491 F. App'x at 897, 900 (holding the BOP "did not abuse its discretion in denying" petitioner's request for *nunc pro tunc*

10

designation where it based its decision on "the nature and circumstances of the underlying offense and [petitioner's] history and characteristics"); *Suttle v. Fox*, No. CIV-13-1099-HE, 2013 WL 6493601, at *7-8 (W.D. Okla. Dec. 10, 2013) (unpublished order) (finding no evidence the BOP abused its discretion in denying petitioner's request for *nunc pro tunc* designation where the BOP "exercis[ed] the statutory discretion given to it by Congress" and considered the relevant factors).

**IV. Recommendation and notice of right to object.**

The undersigned recommends the court deny Petitioner's petition for habeas relief under § 2241.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by the 24th day of March, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This recommendation terminates the referral.

ENTERED this 3rd day of March, 2016.

                                                      SUZANNE MITCHELL
                                                      UNITED STATES MAGISTRATE JUDGE